# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6956 | **DATE** | 3/29/2004 |
| **CASE TITLE** | Fararo vs. Sink, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum, Artist Colony Limited's Motion for Summary Judgment [Doc #57] is denied; Sink, LLC's Motion to Strike Portions of the Final Pre-trial Order [Doc. #54] is granted in part and denied in part. The final pretrial order is stricken. The parties are ordered to file a new pretrial order by June 16, 2004; final pretrial conference is scheduled for July 9, 2004 at 10:00 a.m.; trial is set for July 19, 2004 at 10:00 a.m.

(11) ■ For further detail see the reverse side of the original minute order and order attached to the original minute order.

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 30 2004 | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 63 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| jar(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK C. FARARO, & MARKIEWICZ-COOK ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SINK LLC f/k/a ARTIST COLONY, LLC, and ARTIST COLONY LIMITED f/k/a ROUSSEAU ACQUISITIONS, INC. <br> Defendants. | No. 01 C 6956, No. 01 C 6957 <br><br> HONORABLE DAVID H. COAR <br><br> DOCKETED <br> MAR 3 0 2004 |

## MEMORANDUM OPINION AND ORDER

These cases come before the Court on Motions for Summary Judgment on Plaintiffs' unjust enrichment claims filed by Defendant Artist Colony Limited and Defendant Sink, LLC. As with the previous motions for summary judgment, see Farraro v. Sink, LLC, No. 01 C 6956, 2002 WL 31687671 (N.D. Ill. Nov. 27, 2002), the issues presented in both Farraro v. Sink, LLC, No. 01 C 6956, and Markiewicz v. Sink, LLC, No. 01 C 6957, are essentially identical. For efficiency purposes, the Court will once again dispose of the motions from both cases in a single opinion. For the reasons set forth in this opinion, Artist Colony Limited's Motions for Summary Judgment are granted in part and denied in part and Sink, LLC's Motions for Summary Judgment are granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court will only briefly discuss the facts relevant to the issues in this opinion.[1]

---

[1] For a more thorough factual history of this case, see the Court's opinion of November 27, 2002, see Farraro v. Sink, LLC, No. 01 C 6956, 2002 WL 31687671 (N.D. Ill. Nov. 27,

1



Defendant Artist Colony Limited, formerly known as Rousseau Acquisitions, purchased Artist Colony, LLC (now known as Sink, LLC) in February 2001. Artist Colony Limited manufactures novelty furniture items, primarily bean bag chairs. Both Plaintiffs, Markiewicz-Cook, Associates, Inc. ("Markiewicz") and Frank C. Fararo ("Fararo") had oral agreements with Defendant Artist Colony, LLC whereby Plaintiffs were to place Defendant's products in catalogs, including J.C. Penney, Spiegel, Sears, and others.

When Artist Colony, LLC sold its assets to Rousseau Acquisitions (which became Defendant Artist Colony Limited), neither the seller corporation nor the buyer corporation promptly notified Plaintiffs of the sale. Once Plaintiffs learned of the sale, they inquired whether the new entity, Artist Colony Limited, would continue to employ them to find catalog space for the products. Artist Colony Limited elected not to employ Plaintiffs.

When Rousseau Acquisitions acquired the assets of Artist Colony, LLC in February 2001, Plaintiffs had already secured the catalog space for Artist Colony, LLC's products in the lucrative Christmas and Fall sale issues of the catalogs. Defendant Artist Colony Limited received and filled orders from the catalog placements that Plaintiffs secured for Artist Colony, LLC. Plaintiffs brought lawsuits in Illinois state court to recover commissions from the sales their catalog placements generated. Defendant Artist Colony Limited removed the cases to federal court where jurisdiction is based upon diversity of citizenship.

Plaintiffs had several corporate law theories of recovery against Defendant Artist Colony Limited: successor liability, de facto merger, and implicit acceptance of obligation. On November 25, 2002, this Court granted Defendant Artist Colony Limited summary judgment on

---

2002).

those theories of relief. The only theory of recovery remaining against Defendant Artist Colony Limited after the summary judgment stage was unjust enrichment. Artist Colony Limited now seeks summary judgment on Plaintiff's unjust enrichment claim.

Plaintiff's complaint details two theories of recovery against Defendant Sink, LLC, both arising under Illinois state law: the "procuring cause" rule and exemplary damages under the Illinois Sales Representative Act. Sink, LLC did not seek summary judgment on those theories.

The parties were unable to agree on the scope of issues for trial prior to the pretrial conference on January 17, 2003. Additionally, the pretrial order that Plaintiffs submitted in advance of the pretrial conference was substantially out of compliance with the local rules. At the pretrial conference, the Court ordered Defendant Sink, LLC, to set forth its objections to Plaintiffs' pretrial order in writing. Sink, LLC presented three objections to the pretrial order. First, Sink, LLC contended that Plaintiffs were not entitled to proceed or recover against it on an unjust enrichment theory. Second, Sink, LLC objected to Plaintiffs' claims for commissions based on catalog sales that were not disclosed during discovery. Third, Sink, LLC objected to Plaintiffs' attempted recovery of pre-judgment interest under the Illinois Interest Act. The Court sustained the second objection, denied the third objection, and treated the first objection as a motion for summary judgment on Plaintiffs' unjust enrichment claim.

Presently before the Court are Sink, LLC's Motions for Summary Judgment against Plaintiffs Fararo and Markiewicz on the unjust enrichment theory and Artist Colony Limited's Motions for Summary Judgment on the unjust enrichment theory against the same Plaintiffs. The Defendants are situated very differently with respect to Plaintiffs' unjust enrichment claims, so the Court will proceed with a separate analysis as to each Defendant.

## II. SUMMARY JUDGMENT STANDARD

According to the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Kamler v. H/N Telecommunication Services, Inc., 305 F.3d 672, 677 (7th Cir. 2002). A genuine issue of material fact exists for trial when a reasonable jury could return a verdict for the party opposing summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). When determining whether a genuine issue of material fact exists, the Court considers the evidence and all proper inferences therefrom in the light most favorable to the non-moving party. See Neuma, Inc. v. AMP, Inc. 259 F.3d 864, 871 (7th Cir. 2001).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must set forth specific facts showing that there is a genuine issue for trial in its response. See Fed. R. Civ. P. 56(e); Michael v. St. Joseph County, et al., 259 F.3d 842, 845 (7th Cir. 2001); Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion. See Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that

party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 759 (7th Cir. 2003). A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250.

## III. PLAINTIFFS' UNJUST ENRICHMENT CLAIMS

### A. Choice of Law

Both Plaintiffs seek to pursue unjust enrichment claims against each Defendant. Before addressing the merits of the claims, the Court must make a choice of law determination. Neither party addressed the choice of law question in its briefs, but both cited only to Illinois law in their briefs. This decision reflects a tacit assumption that Illinois law should apply. The parties made a similar assumption in briefing the earlier summary judgment motion by Artist Colony Limited, an assumption that was erroneous. See Farraro v. Sink, LLC, No. 01 C 6956, 2002 WL 31687671, at *3 (N.D. Ill. Nov. 27, 2002).

As to the unjust enrichment issue, however, it is clear that Illinois law should apply. As with the corporate law theories in the previous summary judgment motion, the elements of unjust enrichment are essentially identical in both Illinois and North Carolina. Compare M & O Insulation Co. v. Harris Bank Naperville, 783 N.E.2d 635, 639 (Ill. App. Ct. 2002) (describing elements of unjust enrichment under Illinois law) with Watson Electrical Construction Co. v. Summit Companies, LLC, 587 S.E.2d 87, 92 (N.C. App. Ct. 2003) (describing the unjust enrichment cause of action under North Carolina law). "In the absence of a conflict, Illinois law applies as the law of the forum." Dearborn Ins. Co. v. International Surplus Lines Ins. Co., 719

N.E.2d 1092, 1096 (Ill. App. Ct. 1999). In addition, "protecting sales representatives is fundamental public policy in Illinois." Maher & Assoc., Inc. v. Quality Cabinets, 640 N.E.2d 1000, 1005 (Ill. App. Ct. 1994). Due to the absence of a conflict and the strong public policy of Illinois to protect sales representatives, like Plaintiffs Markiewicz-Cook and Fararao, Illinois law will govern the Plaintiffs unjust enrichment claims.

### B. Unjust Enrichment Standards

To establish an unjust enrichment claim in Illinois, "a plaintiff must present evidence that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of that benefit violated fundamental principles of justice, equity, and good conscience." M & O Insulation Co. v. Harris Bank Naperville, 783 N.E.2d 635, 639 (Ill. App. Ct. 2002). *Quantum meruit* is a subset of unjust enrichment that adheres when the plaintiff alleges performance of valuable services without compensation. The unjust enrichment allegations in this case fit under the *quantum meruit* rubric. "To be successful on a quantum meruit theory under Illinois law, [Plaintiffs] must prove (1) performance of services, (2) the reasonable value of the services, and (3) the receipt by the defendant from the plaintiff of a benefit which it would be unjust to retain without paying compensation." Fischer v. First Chicago Capital Markets, Inc., 195 F.3d 279, 284–85 (7th Cir. 1999) (citing Illinois cases). Neither unjust enrichment nor its narrower subset *quantum meruit* obtain where there is a specific contract between the parties. See People ex rel. Hartigan v. E & E Hauling, Inc., 607 N.E.2d 165, 177 (Ill. 1992) (holding that unjust enrichment does not apply when there is a specific contract); Installco Inc. v. Whiting Corp., 784 N.E.2d 312, 318 (Ill. App. Ct. 2002) (holding that *quantum meruit* does not apply when there is a specific contract). The Court will now proceed to assess the summary judgment

motions of each defendant separately.

### 1. Unjust Enrichment against Defendant Artist Colony Limited

Artist Colony Limited, in its summary judgment presentation, asserts that it is entitled to summary judgment for two reasons. First, it asserts that summary judgment is required because "it paid full and fair consideration for the assets of Artist Colony, LLC, and did so in connection with an asset sale that did not transfer liabilities." (Artist Colony Ltd. Motion Summ. J., at 2). Second, it asserts that Illions law prohibits imposition of quasi-contractual liability on a benefitting third party.

### a. Does the asset sale foreclose Plaintiff's unjust enrichment claim?

As to the first position, Plaintiff correctly responds that Artist Colony Limited misunderstands the nature of this cause of action. The allegations are that Plaintiff placed products in catalogs which generated sales for Artist Colony Limited. Plaintiffs expected to be compensated for doing so and they were not. Because Plaintiffs never had a contract with Defendant Artist Colony Limited, their only avenue of recovery against it (now that Plaintiffs corporate successor liability theories have been rejected as a matter of law) is under the equitable doctrine of *quantum meruit*.

Both Plaintiffs have marshalled sufficient proof to proceed to a jury trial on this theory. The Plaintiffs performed a service for the seller of these goods when they placed the goods in the catalogs. Their oral contracts with Defendant Sink, LLC establish a fair assessment of the reasonable value of their services.[2] Plaintiffs have also provided competent evidence that

---

[2]The contracts are by no means a conclusive assessment of the value of their services. Both sides will be able to present evidence of the value of Plaintiffs services to the jury.

Defendant Artist Colony Limited's catalog sales from Plaintiff's placements would not have been received without Plaintiff's services. Under these circumstances, a reasonable jury could determine that Defendant Artist Colony Limited's retention of the full benefits of Plaintiffs' work is unjust.

This is an equitable theory of recovery that is not based on the asset sale contract between Sink, LLC and Defendant Artist Colony Limited. Defendant Artist Colony Limited will be free to argue that the asset sale agreement between it and Defendant Sink, LLC, included an accounting of future benefits owed to Plaintiffs in the price, but the contract itself does not make that sufficiently clear to require summary judgment for Defendant Artist Colony Limited.

### b.    Does Illinois law prohibit quasi-contractual liability in this case?

If Artist Colony Limited's assertion about Illinois law's prohibition of quasi-contractual liability on benefitting third parties is correct, Defendant Artist Colony Limited would be entitled to summary judgment. Artist Colony Limited cites to three cases in support of its position: Midcoast Aviation, Inc. v. General Elec. Credit Corp., 907 F.2d 732, 737 (7th Cir. 1990) (applying Illinois law); Goldstick v. ICM Realty, 788 F.2d 456, 467 (7th Cir. 1986) (applying Illinois law); and Decatur Production Credit Ass'n v. Murphy, 456 N.E.2d 267, 275 (1983). Those cases either do not support Defendant Artist Colony Limited's position or they are distinguishable from the case presently before the Court.

The first case, Midcoast Aviation, supports a denial of Defendant Artist Colony Limited's summary judgment motion. In Midcoast Aviation, the plaintiff, Midcoast Aviation, renovated the interior of an airplane pursuant to a contract with American Aviations Industries, Inc. ("AAI"), but the airplane was owned by a third-party General Electric Credit Corporation.

8

See Midcoast Aviation, 907 F.2d at 735. Although the renovation was successful, Midcoast Aviation was unable to obtain payment for its services, so it sued AAI for breach of contract and GECC for unjust enrichment under a *quantum meruit* theory. The Seventh Circuit affirmed a jury verdict in favor of Midcoast on the *quantum meruit* charge. See Midcoast Aviation, 907 F.2d at 738 ("a reasonable jury pondering the law of quasi-contract could find the facts indicative of what the words 'unjust' and 'inequitable' stand for"). As in Midcoast, the Plaintiffs here have provided sufficient facts from which a reasonable jury could find that Defendant Artist Colony Limited was unjustly enriched by their work.

The second case that Artist Colony Limited relies upon, Goldstick, also supports the Plaintiffs position. In Goldstick, the Plaintiff, Goldstick, was retained by one Kusiersky, who was managing the property for a third-party, ICM Realty, to reduce back property taxes that were due on a failing real-estate development. Goldstick managed to reduce the taxes due by some $870,000, and sought a reasonable fee. When the negotiations for the fee broke down, Goldstick sought to recover directly from ICM Realty on what the Seventh Circuit described as a "restitution, or quasi-contract" theory. Goldstick, 788 F.2d at 467. The Seventh Circuit reversed the district court's grant of summary judgment, holding that based on Goldstick's services, the tax amount was diminished, and "a reasonable jury could find" that "a claim for restitution, or 'quasi-contract,'" was present on these facts. See Goldstick, 788 F.2d at 467 (citing Industrial Lift Truck Service Corp. v. Mitsubishi Int'l Corp., 432 N.E.2d 999, 1002 (Ill. 1982)). As with Goldstick, the Plaintiffs here have provided a service that resulted in a conferred benefit upon Defendant Artist Colony Limited, and a reasonable jury could return a verdict in their favor.

The third case, Decatur Production Credit Association, is distinguishable from the instant

case. In <u>Decatur Production Credit Association v. Murphy</u>, one Carr sought to prove an unjust enrichment claim against the secured creditors of Murphy. Murphy, an insolvent farmer, and Carr agreed to a contract by which Carr would provide personal services, labor, and materials for farming, in exchange for a 50 percent share of Murphy's profits from the harvest. See <u>Decatur Production Credit Ass'n</u>, 456 N.E.2d at 287–88. When Carr learned that the profits were subject to a lien on the crops that Murphy had given to his creditors, he sought to recover from the creditors on an unjust enrichment theory. See <u>id.</u> at 288. Carr could have learned of the encumbrance through a record search prior to entering into the contract; having failed to do so, he could not recover on a quasi-contractual theory simply because the contract did not work to his advantage. See <u>id.</u> Unlike Carr, the Plaintiffs in this case could not have learned of the sale of Artist Colony, LLC (now Defendant Sink, LLC) to Rousseau Acquisitions (now Defendant Artist Colony Limited) prior to their contract with Artist Colony, LLC. In fact, the services for which they are seeking compensation were largely (if not entirely) performed before Rousseau Acquisitions acquired the assets of Artist Colony, LLC.

Although neither party cites to it, there is a more recent Illinois case that further supports Plaintiff's opposition to summary judgment in this case. In a 1998 case, the Illinois Court of Appeals held that a Plaintiff real estate broker could not state a claim for *quantum meruit* because he never expected to receive a commission if he failed to execute a sale of the property. See <u>Owen Wagener & Co. v. U.S. Bank</u>, 697 N.E.2d 902 (Ill. Ct. App. 1998). In that case, the broker found a willing buyer, but the subject property was undergoing foreclosure proceedings that gave the mortgagor the right to reject the sale. See <u>id.</u> at 904–05. After the bank successfully foreclosed on the property and obtained title, it sold the property to the same buyers that the

broker had found. See id. at 905. The court rejected the broker's *quantum meruit* theory in that case as a matter of law because the broker never expected to receive a commission from the bank. See id. at 909.

In that case, and those to which it cites, a real estate broker attempts to recover a commission where it failed to execute a sale between a willing buyer and seller, and then a third party, with whom the broker did not have a contract, sells the property to the same willing buyer. The difference between those cases and the case presently before the Court is that the subject property would have been sold to someone with or without the services of the broker; in this case, if the Plaintiffs had not placed the products into the catalogs, those sales would not have been accomplished. Under Illinois law, then, Plaintiffs are entitled to proceed to a jury on their *quantum meruit* claim against Defendant Artist Colony Limited.

### 2. Unjust Enrichment against Defendant Sink, LLC

Unlike Defendant Artist Colony Limited, Defendant Sink, LLC had an express contract with the Plaintiffs to place its products into catalogs. Under Illinois law, claims for unjust enrichment cannot be sustained in the face of an express contract between parties; the party can recover on the contract or not at all. See, e.g., Adams v. American Intern. Group, Inc., 791 N.E.2d 26, 31 (Ill. App. Ct. 2003) ("an action for unjust enrichment that seeks imposition of an implied contract . . .cannot be maintained where an express contract governs the parties"); B & B Land Acquisition, Inc. v. Mandell, 714 N.E. 2d 58, 63 (Ill. App. Ct. 1999) ("Because the theory [of unjust enrichment] is based on an implied contract, it has no application when an express contract governs the relationship between the parties.").

Plaintiff seeks to apply an exception to this doctrine that has arisen through contingent fee

11

arrangements in attorney-client contracts. While it is true that Illinois courts have recognized a narrow exception that permits unjust enrichment claims between terminated attorneys and their former clients, see Wegner v. Arnold, 713 N.E.2d 247 (1999), Plaintiffs are mistaken that the exception obtains in this case. Plaintiffs contracts with Sink, LLC were terminated when Rousseau Acquisitions acquired the assets of the corporation, but the similarities to the terminated attorney exception ends there. If Sink, LLC continued to receive any benefits from Plaintiffs' services after their contracts were terminated, Plaintiffs can pursue recovery under the procuring cause rule, which specifically protects terminated sales representatives. In the terminated attorney cases, the terminating party (the client) earned substantial benefits post-termination and the terminated attorney had no legal recourse.

Any recovery from Sink, LLC would be based on the Plaintiffs contracts with Sink, LLC, not on an equitable unjust enrichment theory. Defendant Sink, LLC's motion for summary judgment on Plaintiffs unjust enrichment theory is granted.

## IV.  ISSUES REMAINING FOR TRIAL

At trial, Plaintiffs can attempt to prove any and all of the following three theories of recovery: (1) that Defendant Sink, LLC owes Plaintiffs commissions under the procuring cause rule, whereby commissions are due even after termination of sales representatives if the sales representatives were the procuring cause of the sale that their services resulted in unjust enrichment to Defendant Artist Colony Limited; (2) that Defendant Sink, LLC, owes Plaintiffs exemplary damages up to three times the amount of the commissions as provided by the Illinois Sales Representative Act, 820 Ill. Comp. Stat. 120/1-3; and (3) that Plaintiff's services resulted in unjust enrichment to Defendant Artist Colony Limited.

## CONCLUSION

For the reasons set forth in this opinion, Defendant Artist Colony Limited's Motion for Summary Judgment is denied and Defendant Sink, LLC's Motion for Summary Judgment is granted.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: March 29, 2004**

# ORDER

Defendant Sink, LLC filed a motion to strike portions of the final pre-trial order [Doc. 54]. In addition to various objections to the final pretrial order, the motion included a request for summary judgment on the Plaintiffs' unjust enrichment claim. The order attached to this minute order addresses the Plaintiffs' unjust enrichment claim against Defendant Sink, LLC. Defendant Sink, LLC's remaining objections to the Final Pre-trial Order are moot in light of the striking of the final pre-trial order. Pursuant to this Court's standing order and the local rules, the Court expects the parties to meet and confer about the contents of the new final pretrial order prior to its due date of June 16, 2004. The parties should make every reasonable effort to resolve objections about the contents of the pretrial order among themselves prior to the filing deadline.